IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AUGUSTINO JUAREZ MOSQUEDA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-346 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Augustino Juarez Mosqueda, seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction that was entered against him in 2012. By all indications, the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d), so the Court ordered Mosqueda to show cause why his petition should not be dismissed as time-barred. Mosqueda never responded, and the Court will now dismiss the petition as barred by the statute of limitations.

## I.    BACKGROUND

On April 27, 2012, Mosqueda pled guilty in state court cause number 66674 to a charge of enticing a child with intent to commit a felony against the child (Dkt. 1 at pp. 2–3). *See* TEX. PENAL CODE § 25.04. Mosqueda took no action to challenge his conviction until two and a half years later, when he attempted to initiate an appeal in the Fourteenth Court of Appeals of Texas on September 5, 2014. *See* Fourteenth Court of

Appeals of Texas Docket Number 14-14-00737-CR. The Fourteenth Court dismissed the appeal on the basis that Mosqueda had no right to appeal because he had entered into a plea bargain agreement with the State. *See Mosqueda v. State*, No. 14-14-00737-CR, 2014 WL 5310484, at *1 (Tex. App.—Houston [14th Dist.] Oct. 16, 2014, no pet.). The Fourteenth Court also noted in a footnote that it lacked jurisdiction to grant an out-of-time appeal in the first place and that jurisdiction exclusively lay with the Texas Court of Criminal Appeals ("TCCA"). *See id.* at *1, n. 1. After another year passed, Mosqueda went to the TCCA for relief by way of a state habeas petition. He filed the petition on November 3, 2015,[1] and the TCCA denied it on March 30, 2016 (Dkt. 1 at pp. 3–4). *See* Texas Court of Criminal Appeals Docket Number WR-84,683-01. Mosqueda then filed this petition on December 7, 2016 (Dkt. 1 at p. 16).[2]

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Section 2244(d) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The TCCA's docket sheet states that the TCCA received the petition on February 26, 2016. The Court will assume that November 3, 2015 is the proper filing date.

[2] This petition is deemed filed on the date on which Mosqueda deposited it into the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). The Court is assuming that Mosqueda deposited this petition into the prison mailing system on the date on which he signed it.

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Essentially, subsections (B), (C), and (D) outline exceptions to the general rule, set forth in subsection (A), that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. *Flanagan*, 154 F.3d at 198. Section (d)(2) tolls limitations during the pendency of a properly filed state habeas petition. *Id.*

Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209–10 (2006).

As the Fourteenth Court noted, under Texas law, Mosqueda waived his right to appeal when he pled guilty. *See* TEX. R. APP. P. 25.2(a)(2). That being the case, his conviction became final, and the federal habeas statute of limitations began to run, on April 27, 2012, the date of judgment (Dkt. 1 at p. 2). *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (holding that if the defendant does not pursue relief on direct appeal through his state's highest court, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Even if Mosqueda for some reason did have a right to appeal, he did not file a notice of appeal within 30 days of the imposition of his sentence as required by the Texas Rules of Appellate Procedure, so his conviction became final on May 27, 2012. *See* TEX. R. APP. P. 26.2(a)(1); *Butler*, 533 F.3d at 317. Limitations therefore ran on either April 27, 2013 or May 27, 2013; and both dates are approximately three and a half years before the filing date of Mosqueda's federal habeas petition. Mosqueda's state habeas petition—which he filed, at the earliest, on November 3, 2015—did not toll limitations because he filed it after the limitations period had expired. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

Mosqueda acknowledges that his federal habeas petition is untimely but argues that equitable tolling should apply because he is actually innocent (Dkt. 1 at pp. 11, 15). He claims that he "discovered his actual innocence" in June of 2014 when "[he] discovered the elements of the charge" against him and realized "that the State could not have any evidence that would establish [an] attempt to interfere with child custody" (Dkt.

1 at pp. 11, 15).[3] Mosqueda's ignorance of the Texas law under which he was convicted

does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir.

2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does

not excuse prompt filing.") (quotation marks omitted). As for actual innocence, it is true

that a prisoner who has filed an untimely federal habeas application can overcome the

one-year statute of limitations with a convincing showing of actual innocence.

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the *McQuiggin* exception

only "applies to a severely confined category: cases in which *new evidence shows* it is

more likely than not that no reasonable juror would have convicted the petitioner." *Id.* at

1933 (quotation marks and brackets omitted; italics added). Mosqueda has not presented

any new evidence—his actual innocence argument is based on his discovery in 2014 of

the elements of the crime of which he was convicted, and his only pieces of evidence are

the reports compiled by the police investigators in his case. Mosqueda admits that he was

aware of the reports "[a]bout 2 weeks prior to 04-27-2012," the date on which he entered

his guilty plea (Dkt. 1 at p. 12). Remarkably, even though he claims to have "discovered

---

[3] Section 25.04(a) of the Texas Penal Code sets out the offense to which Mosqueda pled guilty, and it reads:

> A person commits an offense if, with the intent to interfere with the lawful custody of a child younger than 18 years, he knowingly entices, persuades, or takes the child from the custody of the parent or guardian or person standing in the stead of the parent or guardian of such child.

Mosqueda is apparently arguing that the State could not have had any evidence that he persuaded his alleged victim to stop residing with his or her parents. *See Friedsam v. State*, 373 S.W.3d 817, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("In every reported case affirming a conviction for enticing a child, there was evidence, first, that the child stopped residing with his or her parents without their consent, and second, that the defendant's conduct persuaded the child to take such a step.").

his actual innocence" in June of 2014, he still did not file this petition until December of 2016, two and a half years later. Even his state habeas petition was filed over a year after the "discovery."

## III.  CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also

that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____October 13_____, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE